21187.   RICHARDSON *v.* THE STATE OF GEORGIA.

DECIDED APRIL 15, 1931.

*Paul H. Doyal, Porter & Mebane,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

BROYLES, C. J.   Richardson was charged with a contempt of court, it being alleged by the State that he had attempted to improperly influence two prospective jurors in the impartial discharge of their duties.   The petition or rule as amended clearly and fully set forth the particulars of the alleged attempt and was not subject to any ground of the demurrer interposed, and the court properly so held.

Upon the trial of the case the undisputed evidence, together with the admissions in open court of counsel for the accused, showed that at the July term, 1930, of the superior court of Floyd county several bills of indictment were returned against the accused; that these criminal cases were set for trial during the "criminal weeks" of the October term, 1930, of the court; that two men (A and B), employees of the postoffice in Rome, Floyd county, had been drawn as jurors for those weeks; that the accused knew that B had been so drawn; that about 20 men were employed at the postoffice and none of these but A and B had been drawn as jurors; that the accused, in October, 1930, and prior to the call of the cases against him, went to the postoffice and purchased some stamps from A and engaged in a conversation with him about some presentments (not the indictments) which the grand jury had returned and in which the conduct of the accused as a public official of Floyd county had

been severely criticised and condemned; and that the accused handed to A a written paper prepared by him which amounted to a partial defense of his official conduct. At this point the undisputed evidence ends. However, there was evidence adduced which, together with the legal inferences and deductions arising therefrom, authorized the following findings of fact: 1. That the accused knew that both A and B had been drawn as jurors and knew that they might be called to serve as jurors in the cases against him. 2. That he engaged A in conversation and handed him the written paper with the intent to improperly influence him in the discharge of his duties as a juror, in the event that he (A) should be selected as a juror in any of his (Richardson's) cases. 3. That after giving the paper to A he requested A to read it and then to give it to B, the only other prospective juror who worked at the postoffice. 4. That the paper which the accused had prepared and given to A amounted to a defense against certain charges involved in at least one of the indictments against him then pending in court.

Under the above-stated facts was the court authorized to adjudge the accused guilty of a contempt of court? "All wilful attempts of whatever nature, seeking to improperly influence jurors in the impartial discharge of their duties, is contempt, whether it be by conversations or discussions, or by attempts to bribe. The rule applies although the juror has not been sworn to try the case with reference to which it was sought to influence him, or although actually serving could be legally disqualified." 13 Corpus Juris, sec. 27, p. 22.

It is obvious that in such a case of contempt as the improper influencing of a juror, "a wilful attempt" means merely an intentional attempt to improperly influence one whom the offender knew was a juror; and the words "improperly influence" mean any effort to influence the juror's verdict or sympathy in any form, shape, or manner, other than that made in open court during the trial of the case by the introduction of evidence, or by the defendant's statement to the jury, or by the argument of counsel to the court and jury.

In our opinion the rule stated in Corpus Juris, supra, should be extended to apply to cases where a wilful attempt is made to improperly influence one who has been drawn as a juror, in the impartial discharge of his duty as a juror in the event (hoped for by

the one making such an attempt) that he becomes a juror; and the rule is so extended by this court.

To improperly influence a juror, or a juror-designate (as one who has been drawn as a juror might be properly called), is to pollute and poison the very fountain head of justice itself, and an attempt to do so, whether successful or unsuccessful, is, beyond all controversy, a most serious and flagrant contempt of court. To hold otherwise would be to emasculate the court of its power to preserve pure and undefiled the springs of justice.

In such a case of contempt, where a rule nisi has been issued, the fact that the accused in his sworn answer thereto, and in his testimony on the trial, disclaimed any intention to improperly influence the jurors-designate and denied that he intended any disrespect to the court, would not prevent the trial court from adjudging him guilty of contempt.

The evidence as to the guilt of the accused was in sharp conflict, but the judgment of the court was authorized by the evidence and the legal deductions and inferences arising therefrom, and this court, therefore, is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*